

Villanova University School of Law
Villanova University School of Law Digital Repository

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-9-2006

# Tahiliani v. Bayer

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1738

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Tahiliani v. Bayer" (2006). *2006 Decisions.* Paper 1608.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1608

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1738
_____

SHONALI TAHILIANI,

Petitioner

v.

*BAYER MATERIALSCIENCE LLC,

Respondent

*Amended pursuant to 6/6/05 order.
_____

On Petition for Review of an Order
of the Office of the Chief Administrative Hearing Officer
on January 13, 2005
(Agency No. 04B00060)

_____

Submitted Under Third Circuit LAR 34.1(a)
February 8, 2006

Before: BARRY, STAPLETON AND GREENBERG, CIRCUIT JUDGES

(Filed February 9, 2006)

_____

OPINION
_____

PER CURIAM

Shonali Tahiliani petitions for review of an order of the Office of the Chief Administrative Hearing Officer (OCAHO), dismissing her complaint alleging immigration-related unfair employment practices in violation of the Immigration and Nationality Act (INA), 8 U.S.C. § 1324b, because it was not timely filed. We have jurisdiction pursuant to 8 U.S.C. § 1324b(i)(1).

Tahiliani's complaint was based on events during her employment at Bayer Polymers Division; from which she resigned in June of 2002. Tahiliani filed her complaint with the Office of Special Counsel for Immigration-Related Unfair Employment Practice (OSC) on February 17, 2004. Pursuant to § 1324b(d)(3), "no complaint may be filed respecting any unfair immigration-related employment practice occurring more than 180 days prior to the date of the filing of the charge with the Special Counsel." The OSC dismissed her charge on June 3, 2004, finding that it was filed more than 180 days from when any alleged unfair immigration-related employment practice occurred. Tahiliani appealed to the OCAHO, and Bayer filed a motion to dismiss, arguing that the complaint was untimely. The OCAHO noted that the period in which to file a complaint was subject to equitable tolling, and gave Tahiliani an opportunity to provide any materials that would support a claim for equitable relief. When she failed to do so, the OCAHO properly dismissed her charge as untimely.[1] We therefore will deny

---

[1] Tahiliani has similarly failed to address the timeliness issue in her brief on appeal.

2

the petition for review.[2]

---

   [2] Although we agree that her complaint was untimely, we also agree with Bayer's alternative arguments that Tahiliani's complaint was barred because Bayer has more than 15 employees; see 8 U.S.C. § 1324b(a)(2)(B); and because she had previously filed charges based on the same facts with the Equal Employment Opportunity Commission; see § 1324b(b)(2).